HOBSON, Acting Chief Judge.
Appellant Daly was convicted of the crime of conspiracy to commit grant larceny, adjudicated guilty and sentenced to serve five years in the State Prison.
In his appeal Daly urges reversal on the ground that the evidence was not sufficient to sustain the conviction. We agree.
The information charged Daly and two other persons with conspiracy to commit grand larceny. Neither of the alleged co-conspirators was tried with Daly, nor did they testify at his trial. There was testimony implicating the other two persons in a scheme wherein, posing as agents of Sears, Roebuck & Co., they sought to sell certain television sets and obtain the money from the intended victim without delivering the sets.
The evidence fell far short of establishing Daly’s participation in the conspiracy, however. The only evidence submitted to connect Daly with the crime was that he was a passenger in the automobile with one of the alleged co-conspirators while the other one was in a nearby phone booth attempting to obtain the money, and that Daly was in the same automobile with the other two when they were arrested. Additionally, the security manager for Sears testified that he thought he talked on the telephone with two persons about the transaction while one of the alleged co-conspirators stood nearby, but he was not sure, and did not identify Daly as one of those with whom he talked.
The evidence was insufficient as a matter of law to establish the conspiracy necessary for conviction. State v. Traffi-cante, Fla.App.2d, 1961, 136 So.2d 264; Honchell v. State, Fla.1971, 257 So.2d 889. The trial court erred in denying appellant’s motion for directed verdict. The conviction is, accordingly,
Reversed.
McNULTY and GRIMES, JJ., concur.