348 So.2d 1214 (1977)
STATE of Florida, Appellant,
v.
Willie FELTON, Willie Davis and Ulysses Holt, Appellees.
No. 76-1945.
District Court of Appeal of Florida, Fourth District.
July 26, 1977.
*1215 Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Frank B. Kessler, and James K. Green, Asst. Public Defenders, West Palm Beach, for appellees Felton and Holt.
Ronald W. Black, Orlando, for appellee Davis.
DOWNEY, Judge.
Appellees' trial for armed robbery commenced on July 14, 1976. After two jurors were chosen and sworn, the State moved for a continuance of the trial and an extension of the time for trying the appellees under Fla.R.Crim.P. 3.191, on the ground that exceptional circumstances existed. The circumstances alleged to warrant such action by the court were that Gwendolyn Tisdale, an essential witness for the State, had fled the jurisdiction and had just been located outside the State of Florida. The State intended to extradite Tisdale and call her as a witness. It was pointed out to the trial court that Tisdale, the girl friend of one of the appellees, had been involved in the robbery. She had given a sworn statement implicating herself and the appellees and had identified the appellees in a photographic lineup. The State had granted her immunity on condition that she testify for the State in this case. Upon consideration of the foregoing circumstances the trial court granted a continuance of the trial until July 26, 1976.
On July 26, 1976, the State requested a further continuance because no order of extradition had yet been entered, although extradition proceedings were pending. The trial court continued the case until August 4, 1976. On that date the witness appeared in open court at a pretrial hearing on appellees' motions for discharge under the Speedy Trial Rule. Although granted immunity by the State and advised of her rights and admonished by the trial court that if she refused to testify she could be held in contempt, Tisdale refused to testify. Accordingly, the trial court found the witness in contempt and sentenced her to six months in jail.
The trial court also entered an order that granted appellees' motions for discharge, which motions had been grounded on appellees' contention that the State had not proved that the two extensions of time had been valid. The State seeks review of that order. We reverse.
Rule 3.191(f) provides:
"(f) Exceptional Circumstances. As permitted by this Rule, the court may order an extension of time or continuance where exceptional circumstances are shown to exist; exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court. Such circumstances include (i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; ... (iii) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, not more than two continuances shall be granted on this ground; ..."
The Rule contemplates that the running of the time allowed for a speedy trial shall be tolled when exceptional circumstances exist. The Rule sets forth several examples of such circumstances, but the Rule also specifies that those examples are not the exclusive grounds for granting extensions of time.
*1216 It seems to us that the circumstances in the case at bar constitute exceptional circumstances warranting the two extensions the court granted. The witness had given a sworn statement inculpating the appellees and she had identified them from photographs. The State had assured her of immunity if she testified. Thereafter, the witness fled and the State's efforts to locate her were finally successful on the day of trial. Being advised of the State's intention to extradite the witness, the trial judge was presented with exceptional circumstances warranting a continuance and an extension of the time for a speedy trial. The Rule provides that exceptional circumstances are those which as a matter of substantial justice to the accused or the State require an order by the court. We think substantial justice to the State required the orders in this case.
Appellees contend the State was not entitled to the continuances or extensions of time because the State failed to demonstrate that the witness would testify at appellees' trial. Moreover, the appellees assert that, since the witness had, before fleeing the jurisdiction, refused to permit the appellees to take her depositions on Fifth Amendment grounds, the State was on notice that the witness would not testify. We reject this argument. First, the State can never guarantee that a witness will testify when called to the stand. Second, the fact that Tisdale had refused to be deposed by appellees does not necessarily mean she would not testify upon being extradited, granted immunity, and threatened with contempt.
Accordingly, the order discharging appellee is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.