383 So.2d 722 (1980)
Larry WILLIAMS, John Thomas Williams, Earl Bernard Wilson, Appellants,
v.
STATE of Florida, Appellee.
Herman Lee DUGGS, Appellant,
v.
STATE of Florida, Appellee.
Nos. MM-71, MM-129.
District Court of Appeal of Florida, First District.
May 7, 1980.
Rehearing Denied June 4, 1980.
*723 Michael J. Minerva, Public Defender, Tallahassee, for appellants, Larry Williams, Earl Bernard Wilson, and Herman Lee Duggs.
Hugh A. Carithers, Jr., of Sheppard, Carithers & Weinbaum, Jacksonville, for appellant, John Thomas Williams.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellants challenge their convictions of attempted second-degree murder, attempted kidnapping, conspiracy to commit armed robbery, and conspiracy to kidnap. Additionally, appellant John Thomas Williams objects to his conviction, in a second trial, of possession of a firearm by a convicted felon. *724 Altogether, the various appellants raise seven points on appeal. We affirm in part and reverse in part.
In February 1978, all the appellants except Earl Wilson planned to kidnap and rob a Jacksonville man and his wife. One of the conspirators was James Fairfax, who in fact was a confidential police informant. One attempt failed and a second was aborted. On March 6, 1978, a third attempt was made, but the police knew of it and apprehended the conspirators.
Appellants Larry Williams, Wilson, and Duggs raise the first point, that they were denied their right to a speedy trial. The court refused to grant a severance of defendants when the state requested a continuance to find Fairfax for trial and when John Thomas Williams was too ill to stand trial (he was shot during the attempt).
Appellants contend the state did not diligently attempt to locate Fairfax, so the exceptional circumstances for extending speedy trial limits, listed in Rule 3.191(f), Florida Rules of Criminal Procedure, did not exist. They also argue that John Thomas Williams' illness was not an exceptional circumstance because the state did not claim any prejudice would result from multiple trials, and that there was excessive evidence against John Thomas Williams compared to that against the others.
We affirm. Fairfax's testimony made it clear that he continually moved from one Florida location to another, and Jacksonville police made numerous attempts to find him through his contacts in the Tampa and Polk County police agencies. See State v. Felton, 348 So.2d 1214 (Fla. 4th DCA 1977). Nor did the trial judge abuse his discretion by denying severance because of John Thomas Williams' illness. Dove v. State, 287 So.2d 384 (Fla. 1st DCA 1973). A motion for severance may be denied, moreover, even when one co-defendant commits more reprehensible acts than another. Scheel v. State, 350 So.2d 1120 (Fla. 3rd DCA 1977).
Larry Williams and Wilson raise the second point, that the evidence was insufficient to establish their knowing participation in the conspiracy and all the other offenses which arose from it. We affirm as to Larry Williams but reverse as to Wilson.
Appellants ground their contention on the fact that during the weekend before the final attempt, they were merely in the motel room while the operation was planned, were sent to purchase a legal pad,[*] were assigned no role in the kidnap/robbery, and merely rode in one of the vehicles used in the attempt. Larry Williams, however, also participated in the earlier plans and attempt, and an amended statement of particulars specified that the conspiracy began by January 1, 1978. Therefore, evidence as to Larry Williams' prior participation was properly admitted; once part of the conspiracy, he was liable for all subsequent criminal acts unless he withdrew from it. Epps v. State, 354 So.2d 441 (Fla. 1st DCA 1978). There was no suggestion of his withdrawal from the conspiracy. See § 777.04(5), Florida Statutes (1977); U.S. v. Wentland, 582 F.2d 1022 (5th Cir.1978).
Wilson's convictions must be reversed, however, because he had no part in the prior planning or attempt. He was present at the motel while the others devised the last attempt, but there was testimony he watched a basketball game on television, and none of the defendants or Fairfax could say Wilson took part in the planning or even heard it. Fairfax said he never had seen Wilson before the March 5 meeting, no role was set out for him, and there was no suggestion Wilson would share in the anticipated proceeds. The undercover policeman testified similarly. The evidence against Wilson, then, simply does not justify his convictions. Honchell v. State, 257 So.2d 889 (Fla. 1972); Daly v. State, 297 So.2d 842 (Fla. 2d DCA 1974).
*725 John Thomas Williams raises the other five points on appeal, the first being that the judge erred by denying a requested jury instruction to the effect that when two or more persons conspire with a government agent with the intention that an essential ingredient of the offense be performed only by the agent, such persons may not be found guilty of conspiracy. Appellant relies on King v. State, 104 So.2d 730 (Fla. 1958), to support his argument. In King, the police officer's job was to "make book," an integral part of the gambling conspiracy. In this case, however, the policeman's role was merely to make the initial contact with the victim; John Thomas Williams immediately followed him into the house. On these facts, it hardly can be argued that "an essential ingredient of the offense [was] to be performed by, and only by, such government agent... ." King, supra, at 733. (Emphasis supplied.)
Appellant next submits that the trial court erred in retaining jurisdiction to review  and veto  any parole release order for the first third of his sentence (he received consecutive sentences totaling 150 years). The court retained jurisdiction pursuant to § 947.16, Florida Statutes (Supp. 1978), which also prevents a defendant from being released by virtue of gain time during the first one-third of his sentence. The statute took effect after the crime was committed, and appellant argues its application to him violates the state and federal provisions against ex post facto laws because both the veto power and the elimination of gain time serve to enhance his sentence.
We reverse the judge's retention of jurisdiction on these facts because, by applying a statute which did not exist at the time of the offense, the judge in effect extended appellant's jail time. Another Florida appellate court has reached the same conclusion. Rodriguez v. State, 380 So.2d 1123 (Fla. 2d DCA 1980). When he committed the offense, appellant had a statutory right to earn gain time, a right that could be lost only by bad behavior.
We recognize that the Florida Supreme Court recently stated, in regard to a different statute, that "gain time allowance is an act of grace rather than a vested right and may be withdrawn, modified or denied." Harris v. Wainwright, 376 So.2d 855, 856 (Fla. 1979); see Weaver v. Graham, 376 So.2d 855 (Fla. 1979), cert. granted, ___ U.S. ___, 100 S.Ct. 1311, 63 L.Ed.2d 759 (1980). In the instant case, however, § 947.16, by its retrospective application, appears to reflect the type of circumstances the Supreme Court disapproved in Harris, supra, at 857, "in which a new law has been passed eliminating the allowance of gain time in certain situations." To clarify the question and pursuant to Article V, Section 3(b)(3), Florida Constitution (1980), we certify the following question as being one of great public importance:
Does the retention of jurisdiction by a trial judge and denial of release through gain time pursuant to § 947.16, Florida Statutes (Supp. 1978), constitute an ex post facto application of the law when the crimes were committed prior to the statute's effective date?
We affirm John Thomas Williams' three remaining points on appeal. Appellant contends his motion to sever should have been granted and that he was prejudiced by remarks made by the other defendants' counsel. An examination of the trial transcript, however, reveals no merit to that argument.
Appellant, citing Williams v. State, 110 So.2d 654 (Fla. 1959), next argues that at his second trial, for possession of a firearm by a convicted felon, evidence of his participation in the conspiracy was improperly admitted to show propensity toward criminal acts. But Williams also holds that if evidence of a separate crime is relevant for any purpose other than to show bad character or propensity, it is admissible. In his second trial, appellant denied planning the kidnap, going to the victims' door, or possessing a weapon at the time. Given appellant's denials, evidence of the existence of the conspiracy and of appellant's motive for possessing the weapon was properly admitted.
*726 Finally, appellant contends the trial court should have granted his motion to dismiss his trial counsel or should at least have held a hearing on the issue. Appellant filed his motion on the ground that the lawyer waived appellant's right to speedy trial without his permission. State ex rel. Gutierrez v. Baker, 276 So.2d 470 (Fla. 1973), however, held it not error for counsel to waive speedy trial without his client's approval if the waiver was made in good faith and if the attorney believed the delay would benefit his client. The trial judge did, moreover, hold a hearing on John Thomas Williams' motion, and the judge simply indicated he believed the attorney's testimony rather than appellant's conflicting testimony.
Affirmed in part, reversed in part, with a question certified to the Florida Supreme Court.
ERVIN, SHIVERS and SHAW, JJ., concur.
NOTES
[*] Appellants, all black men, decided the best way to enter the victims' home would be to bring in a white man who could approach the home first, ostensibly on some sort of official business. Fairfax provided an undercover Jacksonville police detective to play that part.