460 So.2d 430 (1984)
Kelli Jean WESTLAKE, Petitioner,
v.
The Honorable Charles E. MINER, Circuit Judge, Second Judicial Circuit, in and for Leon County, Respondent.
No. AZ-213.
District Court of Appeal of Florida, First District.
November 15, 1984.
Rehearing Denied December 21, 1984.
*431 Andrew Thomas, Asst. Public Defender, for petitioner.
Jim Smith, Atty. Gen. and Lawrence Kaden, Asst. Atty. Gen., for respondent.
PER CURIAM.
By her petition for writ of prohibition, petitioner seeks to prohibit further trial court proceedings because the time limits for speedy trial proscribed in Rule 3.191, Fla.R.Crim.P., have passed.[1] We grant the writ, but certify a question as being of great public importance pursuant to Rule 9.030(a)(2)(A)(v), Fla.R.App.P.
Petitioner and a codefendant, Ralph Bevan, were charged in a single information with grand theft. Trial was originally set for February 29, 1984, but counsel for codefendant Bevan filed a motion for continuance because of conflict, and waived defendant Bevan's right to speedy trial. As a result, at a February 19, 1984, docket sounding, trial was set for April 12, 1984. Only the judge and the prosecutor were present at the February 19, 1984, proceeding. On March 23, 1984, both defense attorneys and the prosecutor were present at a second docket sounding and all parties announced they would be ready for trial on April 12. Again on March 30, 1984, counsel for petitioner announced in open court that they would be ready for trial on April 12.
On April 3, 1984, a hearing was held on defendant Bevan's motion for continuance,[2] the state's motion for extension of speedy trial due to exceptional circumstances, and petitioner's motion for severance. Petitioner's motion for severance was based on two grounds: (1) that a joint trial would violate Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and (2) that severance was necessary to protect petitioner's right to a speedy trial if the continuance was granted for Bevan. The judge granted Bevan's motion for continuance and the state's motion to extend the speedy trial time. However, he denied the motion to sever finding no Bruton violation and without commenting on petitioner's speedy trial right.
On April 23, 1984, five days after the time for speedy trial had run, petitioner filed a motion for discharge. At a hearing on May 2, 1984, petitioner's attorney argued that she had been continuously available for trial and that she had never waived her right to speedy trial but had in fact attempted to preserve the right by seeking a severance when her codefendant sought an extension beyond the speedy trial time. The judge denied the motion for discharge without commenting except to note that "I want to get something clarifying out of the District Court of Appeal on this subject. I *432 think this would probably be a good case to take up."
The only exceptional circumstances ever asserted by the state in support of the extension of speedy trial time was that "a delay is necessary to accommodate the codefendant Bevan, as per Rule 3.191(d)(2) and (f) of the Florida Rules of Criminal Procedure," and that "there is ample reason not to sever the trials of Bevan and Westlake in that all testimony, witnesses and evidence is identical for the proof of each defendant's case."
Rule 3.191 provides in pertinent part: (d)(a). When Time May be Extended. The periods of time established by this Rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured: (i) upon stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, or (ii) by written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances as hereafter defined in section (f),
.....
(f) Exceptional Circumstances. As permitted by (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist.
.....
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (2) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation and preparation within the periods of time established by this rule; (3) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; (4) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (5) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (6) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise. [emphasis supplied]
The state does not contend that the circumstances described in one, two, three, four or six are present in this case. The state relies on its contention that circumstance number five is applicable to this case because the delay was necessary to accommodate the codefendant and there was reason not to sever; i.e., convenience to the state of trying both defendants at once.
The question thus becomes whether the prosecutor's desire to try defendants together for the sake of convenience is a reason not to sever when a defendant's right to speedy trial is at stake.
The state asserts that the issue in this case is controlled by Williams v. State, 383 So.2d 722 (Fla. 1st DCA 1980), aff'd on other grounds, 397 So.2d 663 (1981), in which this court rejected the speedy trial claim of three codefendants who had alleged that their speedy trial rights had been violated because the trial court denied their motion for severance and granted a state requested continuance. In Williams, however, there existed two exceptional circumstances other than the convenience of *433 trying defendants together, which justified the continuance under Rule 3.191(f).[3]
Neither can it be said that petitioner somehow acquiesced in her codefendant's motion for continuance thereby waiving her right to speedy trial. See Gonzalez v. State, 447 So.2d 381 (Fla. 3d DCA 1984); State v. Toyos, 448 So.2d 1135 (Fla. 3d DCA 1984). On the contrary, the record reflects that petitioner promptly and expressly objected to the continuance requested by her codefendant and moved for severance partly for the purpose of preserving her right to speedy trial.
Machado v. State, 431 So.2d 337 (Fla. 2d DCA 1983), is most factually similar to the present case. There, the trial court extended Machado's speedy trial time when his two codefendants requested an extension even though Machado expressly sought to preserve his right to speedy trial. In explaining his reasons for granting the state's motion to extend the time on Machado as well, the trial judge stated:
I think there are unusual circumstances which probably require the Court to provide an in-Court interpreter, perhaps even the necessity of translation for the jury and things of that nature. Considering the time and economy involved in that, and if the cases were appropriately to be consolidated  because of those additional requirements and that in all probability consolidation will be granted, therefore it's important to carry the cases together as far as we can... .
Id. at 338.
The Second District rejected the implication that the extension was necessary to accommodate a codefendant, ultimately holding that:
What is most important, even if appellant and his codefendants had been properly joined as defendants in the first instance, appellant would have been entitled to severance if necessary to protect his right to a speedy trial. Fla.R.Crim.P. 3.152(b)(1)(i). In other words, a defendant's right to a speedy trial takes precedence over the mere convenience to the state of trying him and his codefendants together.
Id. at 339.
Rule 3.152, Fla.R.Crim.P., provides that the court shall order a severance of defendants upon a showing that such order is necessary to protect a defendant's right to speedy trial. Thus, when Rule 3.152 and Rule 3.191 are read in pari materia, we must conclude that the convenience of a joint trial is not an exceptional circumstance justifying a state's motion for extension of the speedy trial time.
However, because of the comparative lack of precedent for our holding, and because we perceive the issue presented here as one which arises frequently, causing considerable impact on the administration of criminal proceedings in the circuit courts, we certify the following to be a question of great public importance:[4]
Is the convenience to the state of trying codefendants together a sufficient reason in and of itself to extend an objecting defendant's speedy trial time and deny a motion to sever when a delay is necessary to accommodate a codefendant?
Petition for writ of prohibition is granted, and this cause is remanded to the Circuit Court with instructions to discharge the petitioner.
SMITH, JOANOS and ZEHMER, JJ., concur.
NOTES
[1] Prohibition is an appropriate remedy when a motion for discharge has been denied, and an accused has been denied his rights to speedy trial. Sherrod v. Franza, 427 So.2d 161 (Fla. 1983).
[2] There is no written motion for continuance in this record other than the February 16 motion asserting conflict with the February 29 trial date. However, the transcript of the April 3 hearing reveals that all parties were aware that Bevan's attorney was trying a case before Judge Miner that was going longer than had been anticipated so that neither the judge nor Bevan's attorney were going to be available for an April 12 trial.
[3] In Williams, one of the state's key witnesses was unavailable and one of the three codefendants was too ill to be present at trial within the speedy trial period. See 3.191(f)(i).
[4] Rule 9.030(a)(2)(A)(v), Fla.R.App.P.