463 So.2d 1172 (1984)
John L. RICO, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2414.
District Court of Appeal of Florida, Second District.
December 19, 1984.
Rehearing Denied February 13, 1985.
Samuel R. Mandelbaum and Anthony F. Gonzalez, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals his convictions and sentences for trafficking in cocaine and conspiracy to traffic in cocaine, violations of section 893.135, Florida Statutes (1983). We reverse. We agree with defendant that the trial court erred in setting defendant's case for trial outside the 180-day speedy trial time period and in thereafter denying defendant's motion for discharge. Under the facts of this case, we conclude that the interest of defendant in a severance of his case from the cases against his co-defendants in order to protect his speedy trial rights pursuant to Florida Rule of Criminal Procedure 3.152(b)(1)(i), should have prevailed over the state's interest in an extension of the speedy trial time pursuant to Florida Rule of Criminal Procedure 3.191(f)(5).
Defendant and two co-defendants (Watkins and Brown) were charged in a consolidated two-count information in March, 1983. Defendant was represented by the same private counsel from the arraignment stage onward. At arraignment, the court set a trial date of June 6, 1983.
The 180-day speedy trial period was to expire on September 6, 1983. There is no disagreement among the parties that the speedy trial time expired on or within three days of that date; the disagreement as to the exact date is not material to this appeal.
In May, defendant filed a motion to sever. At a pre-trial motion hearing the court did not rule on that motion. At the hearing *1173 the public defender was appointed to represent co-defendant Watkins after Watkins' privately-retained counsel had withdrawn. In June, defendant again brought to the court's attention his pending motion to sever, but the prosecutor stated that she was not prepared to argue the motion.
In July, co-defendant Watkins' public defender informed the court that he needed to depose a confidential informant whose identity had not been disclosed. Two days later, when the name of the informant had not been made available, the court ordered the state to "get the confidential informant to them today. I don't know what the problem is."
The trial date was changed to July 18. On July 18, all parties were present, but co-defendant Brown's counsel had withdrawn. Brown's counsel was later replaced by other private counsel. The name of the confidential informant had been disclosed by the state, and Watkins' public defender apprised the court that there was a conflict of interest because the public defender's office also represented the confidential informant on an unrelated pending charge. However, defendant announced that he was prepared to go to trial. The state also announced that it was "ready for trial other than the fact that if there is a problem with the other two defendants." The court denied defendant's motion for severance and reset the trial for August 22.
On July 22, co-defendant Watkins moved for a continuance and waived his speedy trial rights. The court noted that if defendant would not waive speedy trial, "we are going to have to try it August 22, unless it is severed." Three days prior to August 22 both co-defendants moved for a continuance. Defendant objected and again announced he was ready for trial. Thereafter, the court granted the co-defendants' motions and said,
We will go ahead with the trial on Rico [defendant]. We may end up having to try it twice, but I don't see any way out of it in this particular case.
The prosecutor objected and filed and argued a motion under rule 3.191, Florida Rules of Criminal Procedure, to extend the speedy trial period. The prosecutor did not assert any argument as to why defendant's case should be tried with the co-defendants'. The prosecutor stated that he believed the case was not complicated. The court granted the prosecutor's motion and reset the trial date to September 26. We do not conclude that defendant, in order to preserve the point for appeal, was obliged to again move for a severance after the prosecutor filed the motion to extend the speedy trial time. As noted above, the trial court had indicated that a severance would be ordered.
On September 14, defendant filed a motion for discharge on speedy trial grounds. The motion was denied. Four days prior to the September 26 trial, co-defendant Brown pleaded guilty to one charge and the state dismissed the other charge against him. On the day of trial, co-defendant Watkins pleaded nolo contendere to one charge, and the state dismissed the other charge against him. Defendant proceeded to trial alone and was convicted.
In its order granting the state's motion for an extension of the speedy trial time, the trial court, in recognition of rule 3.191(f)(5), listed as grounds for the extension what were referred to as two exceptional circumstances: (1) a delay was necessary to accomodate the co-defendants, and (2) the defendant caused a major delay or disruption by preventing the attendance of witnesses because defendant's witness list did not include the addresses of those witnesses.
The record does not support the ground that an extension of defendant's speedy trial time was necessary to accomodate the co-defendants. There is nothing in the record showing why defendant's motion for severance was not granted, i.e., showing why there was reason to have a consolidated trial. Thus, the state did not fulfill the requirements of 3.191(f)(5). Rule 3.191(f)(5) places the burden on the state to show that a delay in the trial of a defendant *1174 is necessary to accomodate a co-defendant which must, of logical necessity in this case, include a showing that there is reason not to sever the defendant's case from that of a co-defendant. Also, rule 3.152(b)(1)(i) requires that a severance be granted if necessary to protect a defendant's right to speedy trial. The trial judge had indicated his intention to sever the defendant's case.
The record also does not support the ground that the defendant caused a major delay. At the hearing on the August motions of co-defendants for a continuance, the state argued that the witness list furnished by defendant in June, 1983, did not contain addresses and that this omission caused a major delay in the proceedings. Defense counsel responded that at the time of the depositions of the various witnesses, he informally gave a copy of the list of addresses to the prosecutor assigned to the case at that time. In any event, the record reflects that after defendant filed on June 28, 1983, his original list of witnesses without addresses, the prosecutor announced on July 18th that he was ready for trial. Also, it appears that if there had been any delay caused by the defendant in this regard, any such delay would have been small, and certainly not major, compared to delays which can be readily perceived from the record to have been incident to other events, such as, three changes of defense counsel for the co-defendants and the failure of the state to sooner disclose the identity of the confidential informant, not to mention summer vacations and two changes of assistant state attorneys. We arrive at the foregoing conclusion without addressing defense counsel's argument that the state had copies of defendant's witness subpoenas issued for the July trial date.
Accordingly, the order extending the speedy trial time was not properly granted, and defendant's speedy trial time had expired on September 6, 1983.
An inconsistency may seem to exist between rules 3.191(f)(5) and 3.152(b)(1)(i). Rule 3.191(f)(5) provides for a speedy trial extension when there is reason (presumably from the state's standpoint in prosecuting the case) not to sever. This would seem to place the state's interest in trying a consolidated case against all co-defendants, i.e., the state's interest in not severing, above an individual defendant's right to a speedy trial. Rule 3.152(b)(1)(i) provides that the trial court "shall" order a severance if necessary to protect the defendant's right to speedy trial. This would seem to place an individual defendant's right to a speedy trial above the state's interest in trying a consolidated case against all co-defendants, i.e., the state's interest in not severing.
We need not directly address that inconsistency in this case in which we conclude that defendant's right to a speedy trial was paramount. As we have said, the state made no showing of a reason not to sever. See Machado v. State, 431 So.2d 337 (Fla. 2d DCA 1983). See also State v. Littlefield, 457 So.2d 558 (Fla. 4th DCA 1984), where the Fourth District Court of Appeal pointed out that a defendant makes a prima facie showing of his entitlement to a severance by a showing that his speedy trial rights would be violated if co-defendants' motions for a continuance are granted. Thereupon, "it was the obligation of the state to respond by demonstrating that despite the speedy trial consequences to defendant `there is reason not to sever the cases.' See rule 3.191(f)(5)." Id.[1]
For the foregoing reasons defendant's convictions and sentences for trafficking in cocaine and conspiracy to traffic in cocaine are vacated. Defendant shall be discharged.
RYDER, C.J., and GRIMES, J., concur.
NOTES
[1] Consistent with our holding is Westlake v. Miner, 460 So.2d 430 (Fla. 1st DCA 1984) (question certified), decided after our opinion in this case was written. In Westlake the First District Court of Appeal said "the convenience [to the state] of a joint trial is not an exceptional circumstance justifying a state's motion for extension of the speedy trial time."