GAUDIN, Judge.
Michael Washington was convicted of armed robbery by a 12-person jury in the 24th Judicial District Court and sentenced to five years at hard labor, the statutory minimum.
On appeal, he assigns two district court errors:
(1) The trial judge erred in not giving Washington a continuance, and
(2) The trial judge erred in not granting defendant’s motion for a new trial.
Finding no error, we affirm Washington’s conviction.
BACKGROUND
On April 15, 1982, at 7 p.m., Charles Carson was leaving a restaurant when he was approached by a black male armed with a pistol. The armed man, who was wearing a red shirt and blue jeans, demanded money, and Carson handed over $450.00. The armed man then fled.
Approximately five minutes later, police officers saw Washington, wearing a red shirt and blue jeans, sitting on a porch a block and a half from the restaurant. Washington was immediately returned to *12 the crime scene, where Carson made a positive identification of Washington as the armed man who had just robbed him.
Carson stated:
“... I was no more than a foot away from him.
“I seen him. I seen the gun that he had and then I looked at his face and he was there with me at least two minutes, and then he said, ‘Give me the money or I’m going to kill you.’ ”
Carson was asked about the lighting in the parking lot, and he replied: “It was very well lit.”
During the trial, Carson again identified Washington. The prosecuting attorney asked: “Mr. Carson, is there any doubt in your mind that that’s the person that committed the crime?” The response was: “No, sir.”
ASSIGNMENT NO. 1
On July 30, 1982, Washington was arraigned and pleaded not guilty to LSA-R.S. 14:64, armed robbery. Before his trial eventually started on March 15, 1983, the case was scheduled but continued 10 times, six and possibly seven times at Washington’s request. The 9-30-82 minute entry postponing the trial from that day to 11-8-82 does not show whether the State or Washington asked for that delay.
After the jury had been selected on March 15, 1983 and just before the Bill of Information was read to the jury, defense counsel orally moved for a continuance, stating:
“... on behalf of the defendant, I’m going to request permission to make a verbal motion for a continuance on grounds that we have issued numerous subpoenas for Ricky Ward who is an essential witness ...
“The defendant and I at around noon yesterday went to the same address and talked to a cousin of his named Walter, who stated he was still living there and that he had just left a few minutes before to go someplace in the neighborhood.
“We went through the entire neighborhood trying to locate him and were unable to find him ...”
The motion was denied, the trial judge noting that the case “... had been continued on a number of occasions for the very purpose of bringing forward one Ricky Ward.”
Apparently, Ward was residing at 2123 LaSalle Street in New Orleans, the address specified in defendant’s subpoenas, but he (Ward) was, as the trial judge said, “ducking service.”
The defense at no time asked the court to invoke the provisions of the material witness statute, LSA-R.S. 15:257, which reads:
“Whenever it shall appear, upon motion of the district attorney or upon motion of a defendant supported by his affidavit, that the testimony of any witness is essential to the prosecution or the defense, as the case may be, and that there are good grounds to fear that said witness may depart or be taken from the jurisdiction of the court, a judge ... shall issue a warrant for the arrest of the witness. The witness shall be arrested and held in the parish jail ...”
The granting of continuances is within the trial judge’s discretion and will not be disturbed on appeal absent an arbitrary or unreasonable refusal. See LSA-C. Cr.P. art. 712 and the Official Revision Comment thereunder, and also State v. Gordy, 380 So.2d 1347 (La.1980); and State v. Washington, 407 So.2d 1138 (La.1981).
Inasmuch as (1) the instant case had been continued more than once because Ward had not been served and (2) the defense had not asked for Ward’s attachment as a material witness, the trial judge’s refusal to grant another continuance was neither arbitrary nor unreasonable.
We note that the record does not contain a written motion for a continuance as required by LSA-C.Cr.P. art. 707, which *13 normally precludes consideration by an appellate court. State v. Jones, 340 So.2d 563 (La.1976).
There are exceptions to this requirement, as in State v. Parsley, 369 So.2d 1292 (La.1979), and State v. Washington, supra, where the occurrences that assertedly made the continuance necessary arose unexpectedly, leaving defense counsel with no opportunity to prepare a formal motion. Here, however, the defense knew at least one day in advance of trial that Ward would again be unavailable. A written motion should have been prepared and placed in the record.
ASSIGNMENT NO. 2
Washington’s motion for a new trial contended that the trial judge committed prejudicial error in not allowing the defendant and several other witnesses to testify about admissions of guilt made by the missing witness, Ward. Allegedly, Ward said that he and not Washington had committed the armed robbery. The trial judge ruled that this testimony was hearsay and it was excluded.
Appellant argues that Ward’s alleged statements were declarations against his own penal interest and were therefore exceptions to the general rule prohibiting hearsay testimony.
Louisiana jurisprudence does recognize this exception, but an essential element is that the declarant be unavailable. See State v. Gilmore, 332 So.2d 789 (La.1976), in which the Supreme Court of Louisiana discussed this issue at length and said that the missing declarant should be “... deceased or insane or fled from the jurisdiction and therefore quite unavailable ...”
As Ward was still living at a known address in New Orleans and not so unavailable as to qualify under Gilmore, any admissions by him were hearsay.
As neither assignment of error has substance, we affirm Washington’s conviction.
AFFIRMED.