463 So.2d 496 (1985)
Nathan Russell DARBY, a/K/a William Reed, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AT-124.
District Court of Appeal of Florida, First District.
February 11, 1985.
*497 Michael E. Allen, Public Defender, Ann Terry Carley, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Chief Judge.
Darby appeals from a final order granting the state's motion for extension of speedy trial time and denying appellant's motion for severance, resulting in appellant's conviction and sentence. We reverse.
On December 2, 1982, by amended information, Darby and a co-defendant were charged with grand theft, which they had allegedly committed on September 25, 1982. His co-defendant was also charged in the same information with knowingly giving a false name and false date of birth to a police officer.
On March 10, 1983, the state filed a motion for extension of speedy trial time pursuant to Florida Rule of Criminal Procedure 3.191(f)(5), permitting a court to order an extension of speedy trial time if exceptional circumstances are shown to exist. The specific provision of subsection (f)(5), relied upon by the state, requires "a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant." (e.s.) The state alleged that the co-defendant had hired new counsel who had informed the state that he could not be prepared for the trial which had been set for March 23, 1983. As a result, it was further alleged that severance of the two defendants' trials would require the travel of a witness from Miami to Tallahassee for two separate trials, thereby causing an undue burden to the state. During the hearing, appellant moved for a severance as authorized by Florida Rule of Criminal Procedure 3.152(b)(1) and (i), providing that a court "shall order a severance ... before trial ... [where] necessary to protect a defendant's right to a speedy trial." (e.s.) The trial judge granted the state's motion for extension of speedy trial time, but denied the motion for severance.
On April 20, 1983, after the speedy trial period had expired, the defense orally renewed its earlier objections to the extension of time and to the denial of the severance, and moved for discharge of the defendant. The trial judge denied the motion for discharge, whereupon the appellant pled nolo contendere to the charge of grand *498 theft, reserving his right to appeal the denial of the motion for discharge.
The result reached by the trial court in denying a motion to sever and granting a motion to extend the time for speedy trial illustrates the inconsistency in applying simultaneously rules 3.191(f)(5) and 3.152(b)(1)(i). On the one hand, the trial judge may, under rule 3.191(f)(5), allow an extension of speedy trial time in order to accommodate a co-defendant "where there is reason not to sever the cases in order to proceed promptly with trial of the defendant" (e.s.). On the other hand, rule 3.152(b)(1)(i) mandates severance of the defendants to protect a defendant's right to a speedy trial. See Rico v. State, 463 So.2d 1172 (Fla. 2d DCA 1984).
The state argues that an appropriate reason for extending the time for speedy trial is if severance were granted and the time for trial of both cases not extended, a material witness would be forced to travel from Miami to Tallahassee for the purpose of testifying at the two separate trials. The question then becomes whether the state's desire "to try [the] defendants together for the sake of convenience is a reason not to sever [the cases] when a defendant's right to a speedy trial is at stake." Westlake v. Miner, 460 So.2d 430, 432 (Fla. 1st DCA 1984) (e.s.). Faced with this issue in Westlake, the court stated that "when Rule 3.152 and Rule 3.191 are read in pari materia, we must conclude that the convenience of a joint trial is not an exceptional circumstance justifying a state's motion for extension of the speedy trial time." Id. Furthermore, if an order of severance is necessary to protect a defendant's right to a speedy trial, the right to a speedy trial "takes precedence over the mere convenience to the state of trying" the defendants together. Machado v. State, 431 So.2d 337, 339 (Fla. 2d DCA 1983) (e.s.).
We therefore must conclude that the trial judge erred in denying appellant's motion for severance and granting the state's motion for extension of time for speedy trial.[1]
Nevertheless, we follow the earlier path of this court in Westlake, 460 So.2d at 433, and certify, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(B)(i), the following to be a question of great public importance:
Is the convenience to the state of trying co-defendants together a sufficient reason in and of itself to extend an objecting defendant's speedy trial time and deny a motion to sever when a delay is necessary to accommodate a codefendant?
Reversed and remanded with instructions to discharge the defendant.
MILLS and ZEHMER, JJ., concur.
NOTES
[1] An issue not addressed in Westlake because the case arose out of a petition for writ of prohibition to prohibit further trial proceedings, but one which we feel constrained to note from this record, is whether a defendant's motion to sever his trial from that of his co-defendant can be considered to have been made in good faith when the moving defendant does not go forward with trial of the cause against him, but later, as here, enters a plea of nolo contendere to the charge, reserving only his right to appeal the denial of the motion for discharge. A motion to sever, made for the purpose of preserving the defendant's right to speedy trial, would seem to be an implicit representation to the court that if the motion were granted, the defendant would then be prepared to go forward with the trial on its merits within the time yet remaining under the speedy trial rule. Perhaps the defendant could be said to no longer be bound by such representation once the motion is denied; yet, by analogy; a defendant who files in bad faith a demand for speedy trial, when he is obviously not prepared to go to trial within the sixty-day period provided in rule 3.191(a)(2), is not entitled to rely upon the lesser time period in which to be tried. State v. Kaufman, 421 So.2d 776 (Fla. 5th DCA 1982); State v. Wright, 389 So.2d 289 (Fla. 3d DCA 1980).