SHARP, Judge.
Garcia appeals from his convictions of conspiracy to deliver cocaine and delivery of cocaine. Only one of his nine issues on appeal merits discussion. He contends his speedy trial rights should have prevailed over the state’s interest in a joint trial. We disagree and affirm the convictions.
Garcia was arrested on February 10, 1983. In a single information, the state charged him and two co-defendants with conspiracy to traffic cocaine and trafficking in cocaine. On April 21, 1983, Garcia filed a demand for speedy trial, requesting a trial within sixty days. He had already moved to sever the co-defendants, alleging a severance was necessary to a fair trial because the prosecutor might use the co-defendants’ words or actions to incriminate him. The trial was scheduled for June 13, 1983, within the sixty day time period.
On June 9, 1983, in advance of the expiration of Garcia’s speedy trial time, the state moved for a continuance and an ex *1204 tension of the speedy trial time to accommodate the co-defendants who had previously received continuances. The state emphasized the defendants were properly joined because the offenses were based upon the same acts or transactions and one of the charged offenses was conspiracy.
The trial court denied Garcia’s motion for severance and, over Garcia’s objection, continued the trial and extended the speedy trial time until July 18, 1983, pursuant to Florida Rule of Criminal Procedure 3.191(f)(5). Rule 3.191(f)(5) sets out as an exceptional circumstance justifying an extension “a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant.”
On July 5, 1983, more than sixty days after his speedy trial demand, but within the extended time, Garcia moved for discharge. The trial court denied his motion.
Meanwhile, the co-defendants petitioned this court to prohibit a joint trial. They moved to stay the July 18th trial until disposition of their petition. On July 14, 1983, Garcia also filed a motion to stay the trial pending the outcome of the co-defendants’ petition. Acting on these motions, the trial court extended the speedy trial time period under Florida Rule of Criminal Procedure 3.191(g). That rule provides that a defendant shall be brought to trial within ninety days from the disposition of the matter on appeal.
This court denied and finally disposed of the co-defendants’ petition on January 9, 1984. Within ninety days thereafter, on February 8, 1984, the state brought Garcia and one of the co-defendants to trial. The other co-defendant pled guilty.
Garcia does not contend he and the other co-defendants were improperly joined. Fla. R.Crim.P. 3.150. Nor does he seriously dispute the necessity of the June continuance to accommodate the co-defendants. We think the record supports the trial court’s finding of exceptional circumstances under Florida Rule of Criminal Procedure 3.191(f)(5).[1] Garcia argues, however, that the trial court should have severed his trial from that of his co-defendants in order to protect his right to a speedy trial.[2]
Florida courts have discussed whether a defendant’s speedy trial rights should prevail over the state’s right to jointly try defendants charged in the same offense. In State v. Littlefield, 457 So.2d 558 (Fla. 4th DCA 1984), the court affirmed the defendant’s discharge where the defendant was ready for trial and objected to continuances, the trial court continued the trial upon the co-defendants’ request, and the state did not seek an extension of the speedy trial time. The court found the state was obligated to demonstrate that despite _ the speedy trial consequences, “there is reason not to sever the cases.”
In this case, however, the state moved for an extension and set forth as grounds not to sever the fact that one of the offenses was conspiracy and all of the charged offenses arose out of the same acts or transactions. See San Martin v. Menendez, 467 So.2d 1035 (Fla.2d DCA 1985) (the state had moved for an extension of speedy trial and therefore State v. Littlefield distinguishable).
Westlake v. Miner, 460 So.2d 430 (Fla. 1st DCA 1984) appears to support Garcia’s position, but it is also distinguishable. In that case, the state obtained an extension *1205 to accommodate a co-defendant after asserting the convenience of trying both defendants at once as the only reason not to sever. The First District discharged the defendant and held that the convenience of a joint trial did not prevail over a defendant’s speedy trial rights.[3] But here, the state’s request for an extension and objection to severance did not rest upon mere convenience to it of a joint trial. The state argued the case should not be severed because of the conspiracy charges and the interest of justice would be best served by a joint trial.
The inherent nature of the crime of conspiracy necessitates a single trial of co-conspirators. United States v. Esle, 743 F.2d 1465, 1476 (11th Cir.1984); Fla.R.Crim.P. 3.150(b)(2). Often, “[ojnly by prosecuting all the members [of a conspiracy] together and by culling the sum total of their knowledge is it possible to obtain a detailed mosaic of the whole undertaking.”[4] Moreover, the character and the effect of a conspiracy must be judged by looking at it as a whole and not by dismembering it and viewing its separate parts. 16 Am.Jur.2d Conspiracy § 8 (1964).
With the exception of Rico v. State, 463 So.2d 11-72 (Fla.2d DCA 1984), those cases discharging a defendant whose co-defendant was responsible for a delay involved charges other than conspiracy. See Cappetta v. State, 471 So.2d 1290 (Fla. 3rd DCA 1985) (Burglary and grand theft); Darby v. State, 463 So.2d 496 (Fla. 1st DCA 1985) (Grand theft); Westlake v. Miner, 460 So.2d 430 (Fla. 1st DCA 1984) (Grand theft); and State v. Littlefield, 457 So.2d 558 (Fla. 4th DCA 1984) (Possession of marijuana).
In Rico v. State, the defendant was charged with and convicted of trafficking in cocaine and conspiracy to traffic in cocaine. The trial court refused to grant the defendant’s motion to sever and granted a continuance to the prosecutor to accommodate the co-defendants. The Second District discharged the defendant because there, unlike the instant case, the prosecutor failed to assert any reason for the defendants’ joint trial and nothing in the record supported the ground that an extension was necessary to accommodate the co-defendants.
In summary, where defendants are joined on conspiracy charges, and the state timely moves for an extension of the speedy trial time period, showing that the extension is necessary to accommodate the co-defendants, the state’s interest in a joint trial prevails over the defendant’s speedy trial right provided the extension is not to an unreasonably distant date. Here, the state met its burden. The extension was only for approximately one month. The reason Garcia was not then brought to trial on that date was the granting of his own motion to stay. Cf. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State v. Freeman, 412 So.2d 452 (Fla. 5th DCA 1982). Thereafter, he was brought to trial well within ninety days after the disposition of the co-defendants’ petition for writ of prohibition as Florida Rule of Criminal Procedure 3.191(g) requires. Accordingly, he is not entitled to discharge.
AFFIRMED.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Compare Cappetta v. State, 471 So.2d 1290 (Fla. 3rd DCA 1985) (Co-defendants' motion for continuance based entirely upon their preference for one trial judge over another, an improper basis for granting extension under Rule 3.191(f)(5)); Rico v. State, 463 So.2d 1172 (Fla. 2d DCA 1984); (Nothing in record supported a-finding that extension of defendant’s speedy trial time was necessary to accommodate co-defendants, and defendant was entitled to discharge).

. Florida Rule of Criminal Procedure 3.152(b)(l)(i) sets forth the right to a speedy trial as grounds for severance. While Garcia failed to expressly assert this ground in his severance motions, he filed a speedy trial demand and persistently objected to continuances and extensions.

. In so holding, the court certified the following question to the supreme court:
Is the convenience to the state of trying co-defendants together a sufficient reason in and of itself to extend an objecting defendant’s speedy trial time and deny a motion to sever when a delay is necessary to accommodate a co-defendant? 460 So.2d at 433. The First District again certified the identical question in Darby v. State, 463 So.2d 496 (Fla. 1st DCA 1985), as did the Fourth District in Bustos v. Fleet, 461 So.2d 1039 (Fla. 4th DCA 1985).

. LaFave & Scott, Handbook on Criminal Law, § 61 at 458 (1972); Note, 48 Yale L.J. 1447, 1450 (1939).