491 So.2d 317 (1986)
Geraldine Joyce CROFTON, Appellant,
v.
STATE of Florida, Appellee.
No. BG-46.
District Court of Appeal of Florida, First District.
July 10, 1986.
*318 Lacy Mahon, Jr. and Mark Mahon, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
MILLS, Judge.
Geraldine Crofton and an accomplice were charged in a single indictment and jointly tried for conspiracy to commit murder. Geraldine was eventually convicted and sentenced to 25 years imprisonment. She appeals that conviction, alleging that the trial court abused its discretion in refusing to grant her motion for severance of trials, in allowing hearsay testimony relevant to a co-conspirator to be admitted, and in exceeding the recommended guideline sentence. We affirm in part, reverse in part, and remand for resentencing.
Geraldine was charged with conspiracy to murder Ronald L. Crofton, her husband of some 27 years. Prior to his death, the couple had separated and begun divorce proceedings. Geraldine was very distressed with the recent breakup and began to make threats on her husband's life.
Geraldine eventually approached Vance Ellison, who agreed to accept a position with her husband's company in exchange for arranging the murder. Ellison then contacted Herbert Spivey, who accepted $17,500 to do the job.
On 26 September 1983, Geraldine telephoned Ellison to tell him that her husband was leaving her house and was on his way to a favorite "hangout." Ellison relayed this information to Spivey, who was then able to locate the victim and follow him home. Spivey, with the help of two other men, then entered the home, robbed Mr. Crofton, and killed him.
After charging Geraldine and Spivey with the murder, the State moved to consolidate their trials because the charges were the same for both, with the exception of the robbery charge against Spivey, which the State argued was part of the inducement *319 by Geraldine to get others to participate in the conspiracy. The defendants moved for severance of trial due to potential problems whereby the statements of Spivey would implicate Geraldine and because of the possibility of antagonistic defenses. Their motion was denied.
Joinder of defendants for trial is proper where an indictment charges multiple defendants with participation in a single conspiracy and some, but not all, defendants are charged with substantive counts arising out of the conspiracy. U.S. v. Alvarez, 755 F.2d 830, 837 (11th Cir.1985); U.S. v. Walker, 720 F.2d 1527, 1533 (11th Cir.1983), cert. denied, 465 U.S. 1108, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984). The inherent nature of the crime necessitates a single trial for co-conspirators. Rule 3.150(b)(2), Fla.R.Crim.P.; Garcia v. State, 474 So.2d 1203, 1205 (Fla. 5th DCA 1985).
Appellant argues that the possibility of antagonistic defenses warrants severance of trials. However, it is not an abuse of discretion to deny such motion where the evidence against the defendant is overwhelming. Menendez v. State, 368 So.2d 1278 (Fla. 1979). Here, the evidence of Geraldine's guilt is neither circumstantial nor inconclusive: she made several threats on her husband's life; she solicited bids and made offers for his murder; the amount she offered was consistent throughout the testimony; she provided information that was of great importance in planning Mr. Crofton's death; and she actively sought and encouraged his murder.
Appellant maintains that denial of the severance motion forced her to stand trial before two accusers: the State and her co-defendant. She cites Crum v. State, 398 So.2d 810 (Fla. 1981), to support her contention. We do not think the facts of this case give rise to an abuse of discretion under Crum in that no direct evidence implicating Geraldine was being offered by her co-defendant's theory of defense. Further, the facts and defenses were known prior to the judge's ruling rather than unexpectedly arising during the course of trial as was the case in Crum.
Geraldine also argues that the admission of hearsay testimony relevant only to a co-conspirator created undue prejudice against her. However, that testimony did not directly implicate Geraldine, but merely showed that Spivey was being paid to murder Mr. Crofton. No reference was made to Geraldine and any inference that she was responsible under the contract would be circumstantial.
It appears that the trial judge was attempting to balance the State's interest in effectively prosecuting conspirators of murder against the dangers of hearsay. Any defect in the manner selected was cured by the cautionary instruction that the statements were not to be used against Geraldine. Additionally, the hearsay statements did not create undue prejudice because there is substantial independent evidence other than the hearsay statement which directly implicates the appellant.
As for appellant's remaining argument, it is apparent that the trial judge considered factors for which the defendant had not been convicted as justifications for exceeding the recommended guideline sentence. Twice in his reasoning the trial judge manifested his belief that Geraldine was responsible for her husband's murder, yet the appellant was acquitted on that charge. That the evidence as presented could have sustained a conviction of murder in the first degree is not a permissible reason for departing from the sentencing guidelines. Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985). By exceeding the guidelines in the manner he did, the trial judge improperly usurped the jury function. Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985).
It is also apparent that the trial judge improperly considered factors inherent in the underlying crime to justify departure. To say that the offense is serious because the object of the conspiracy was murder is already calculated into the guidelines inasmuch as it is a first degree felony *320 punishable by up to 30 years imprisonment. The court also saw aggravation in the fact that Geraldine solicited Ellison to commit the murder. However, that is in the very nature of the charge of conspiracy to commit murder and is already factored into the sentencing guidelines.
Applying the standards set forth in State v. Mischler, 488 So.2d 523 (Fla. 1986), we are obligated to find the departure from the recommended sentence improper. Because the State is unable to show that the absence of the invalid reasons would not have affected the departure sentence, the sentence must be reversed and remanded for resentencing.
WENTWORTH and NIMMONS, JJ., concur.