318 So.2d 477 (1975)
Bernard Eric WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 73-877.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
Rendell Brown of Bailey & Brown, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of (1) carrying a concealed firearm, (2) third degree murder, and (3) assault with intent to commit murder in the third degree. Of the three points raised on this appeal, the first has merit, the second was abandoned at oral argument, and the third is without merit.
Appellant's first point, and the only one with merit, questions the sufficiency of the evidence to sustain the conviction for third degree murder. The State's case as to this charge was based solely upon circumstantial evidence. Appellant and one Lonnie Wilson a/k/a Lonnie Durham[1] were involved in a crap game near Rolle's Bar when they became involved in an argument. Appellant went outside and Wilson followed firing two shots from a pistol into the ground near appellant's feet. One thing led to another and in a few minutes *478 a crowd had gathered. Appellant and Wilson each had a gun and started firing at the other. Several persons in the crowd also drew guns and began shooting. A total of twenty to twenty-five shots were fired. When the shooting was all over, Wilson had been wounded and a by-stander, one Pop McKenzie, had been shot and killed. There was no direct evidence that the latter's death resulted from a shot fired by appellant and the circumstantial evidence to support such, while consistent with appellant's guilt, was not inconsistent with a reasonable hypothesis of his innocence, i.e., that the fatal bullet came from one of the several other guns fired during the melee. For this reason it was error not to grant appellant's motion for judgment of acquittal on the murder charge and the judgment as to that count is reversed and the sentence thereon vacated.
Appellant's third point is that the trial court erred in its refusal to grant a severance from the misjoined codefendant, Wilson. The latter made a motion for severance which was denied. On Wilson's appeal we held that denial of such motion for severance was error and reversed his conviction, remanding for a new trial. Wilson v. State, 298 So.2d 433 (4th DCA Fla. 1974). However, appellant did not make a motion for severance. It has been held in U.S. v. Daniels, 141 U.S.App.D.C. 223, 437 F.2d 656 (1970), involving a federal rule of criminal procedure corresponding to Rule 3.150 RCrP, that the failure to make such motion amounts to a waiver of the right to a severance and, absent a showing of clear prejudice, will not warrant reversal on appeal. We think such a view is sound and adopt it. There are undoubtedly a myriad of reasons why a defendant might choose to waive his right to sever in such a situation and having made such tactical decision, he should not have the same right to reversal and new trial as is accorded the codefendant whose timely motion for severance was denied. See, Wilson v. State, supra. Appellant does not attempt to show, nor does the record bear out, that the court's failure to sever resulted in clear prejudice to appellant.
The judgment of third degree murder is reversed; the judgment of carrying a concealed firearm and the judgment of assault with intent to commit third degree murder, and the respective sentences thereon, are severally affirmed.
Reversed in part; affirmed in part.
WALDEN, C.J., and CROSS, J., concur.
NOTES
[1] See, Wilson v. State, 298 So.2d 433 (4th DCA Fla. 1974).