PER CURIAM.
Defendant appeals from his conviction of murder in the second degree. We affirm.
After an earlier altercation had ended, defendant Willie Lee Burgess returned to the Brown Derby in Ocala where, after a shooting incident in which defendant fired at Carter Woods, Carter Woods was determined to have been killed by a single bullet wound. There was direct evidence that one other person, Morand, fired a gun, but no *687 evidence that he fired at decedent; and ballistic tests eliminated his gun as the murder weapon. The decedent’s brother, Isaac Burgess, also had a gun, but he testified it was a .25 caliber pistol, whereas the death bullet was a .22 caliber. Furthermore, no direct evidence linked him with the shooting of decedent.
Although defendant by his own admission fired a .22 caliber pistol at decedent, he seeks reversal primarily upon what he conceives to be the weakness of the State’s evidence tending to connect defendant with the pistol recovered by the police and identified by the State’s ballistics expert as the murder weapon.
While admittedly the State’s evidence was circumstantial, we conclude that the issue of causation was properly submitted to the jury for determination, and that upon consideration of the evidence in its entirety we find that it was sufficient to sustain defendant’s conviction. We have compared the facts in this case with those present in State v. Roby, 246 So.2d 566 (Fla.1971), and Wright v. State, 318 So.2d 477 (Fla. 4th DCA 1975), and while we agree with the conclusions reached in those cases they are not considered controlling because of what we conceive to be substantial factual dissimilarities.
On defendant’s remaining point we find no reversible error occurred by virtue of the trial court’s inadvertent commencement of the proceedings, after a recess, in the absence of defendant and his attorney. The record shows that a state laboratory analyst testified to his name, place of employment, length of employment, and was proceeding to state his experience in other employment when defendant and his attorney entered the courtroom. After apologies by the State Attorney, and directions by the Court to proceed, with no objection by the defendant, the trial continued. Under these circumstances the error, if any, was harmless, and in any event was not preserved for our review.
The judgment of conviction is therefore affirmed.
McCORD, C. J., and LARRY G. SMITH and MELVIN, JJ., concur.