DOWNEY, Judge.
Appellants were tried as co-defendants, convicted of delivery of heroin, and sentenced to ten years imprisonment.
It appears from the evidence that Officer Pollock was contacted by a confidential informant to participate in a heroin purchase. As a result at 1:00 p. m. the officer proceeded to the parking lot of Zayre’s Department Store. Shortly after his arrival a car driven by appellant Grimett pulled up. Appellant Beasley was seated in the front passenger seat, and the confidential informant was in the rear of the car. Both appellants motioned to the officer to come over to the car. Appellant Beasley asked the officer, “Do you have the green?” The officer responded affirmatively and showed the appellant a roll of money. When asked if he had the heroin, appellant Grimett stated that he did and produced a large aluminum foil packet, opened it up, and placed it in the officer’s hand for inspection. The officer testified that at this time, he heard some one make the statement, “Here comes the cops.” Appellant Grimett grabbed the foil packet out of the officer’s hand and put it in his mouth. The officer grabbed appellant Gri-mett’s throat and recovered part of the foil packet. The officer removed the substance from the foil and placed it in a plastic bag.
Appellants pose three grounds for reversal. First, appellants assert the trial court erred in refusing to declare a mistrial as a result of statements made by a proposed juror. Secondly, appellants contend the court erred in refusing to declare a mistrial when it became apparent the State had violated the discovery rule. Thirdly, appellants argue they were entitled to discharge under the speedy trial rule.
During the voir dire examination of the jury the following colloquy took place:
“VOICE: Can you get excused from this — This is a criminal case. I was an ex-prison guard for 16 years.
THE COURT: That doesn’t cause any— that is no excuse for cause.
VOICE: I’m prejudiced against convicts.
THE COURT: They are not convicts. They are just charged with a crime.
VOICE: As far as I’m concerned, they are.”
Appellants moved for a mistrial which the court denied. However, the court instructed the jury thoroughly upon the presumption of innocence and in our opinion fully cured any problem resulting from the quoted colloquy.
During the course of his testimony, Officer Pollock stated that after Grimett put the aluminum foil packet in the officer’s hand someone in the car said, “Here comes the cops.” Beasley’s counsel objected to the statement on the ground that Pollock did *700 not know who made the statement. The court overruled the objection, saying, “Someone in the car; we will determine that.” Pollock concluded his direct testimony at 12:00 o’clock, and the court adjourned the proceedings for lunch.
Court reconvened at 1:40 p. m. Thereafter counsel for both defendants conducted extensive cross-examination of Pollock. Eventually Pollock testified that Beasley was the only one in the car who might have made the statement.
After Pollock had completed his testimony and the court had excused him, the State called its second witness. At that point counsel for Beasley asked to approach the bench. Counsel then stated, “Judge, at this point I am going to move for a mistrial, and the reason being is (sic) surprise.” Counsel went on to argue, in essence, that the State had failed to supply him with the “Here comes the cops” statement, and “So I would say at this point I am surprised.”
Of course the thrust of appellants’ argument on this aspect of the case is that the State violated Florida Rule of Criminal Procedure 3.220(a)(1)(iii), in that it did not furnish appellants with the foregoing statement in accordance with appellants’ discovery demand. It is appellants’ contention that the trial court erred in not conducting an adequate hearing as required by Richardson v. State, 246 So.2d 771 (Fla.1971).
In our opinion the appellants did not preserve this point for appeal (Clark v. State, 363 So.2d 331 (Fla.1978)) because they made no objection to Officer Pollock’s testimony concerning the “Here comes the cops” statement on the grounds that the State had failed to comply with Rule 3.220. See North v. State, 65 So.2d 77, 82 (Fla.1953). Nor do we feel that anything said in State v. Cumbie, 380 So.2d 1031, would make the tardy motion for mistrial effective to preserve the point.
Finally, appellants contend that they were entitled to be discharged because they were not tried within the time frame set forth in Florida Rule of Criminal Procedure 3.191. We reject that contention because when time came for trial on September 21, 1977, co-defendant Beasley did not appear, as he was confined in the Dade County jail. Thus, his counsel was forced to move for a continuance. From Grimett’s standpoint this continuance falls within the provisions of Florida Rule of Criminal Procedure 3.191(d)(3), which provides that a defendant is entitled to discharge if the trial has not commenced within the time period set by the rule unless the failure to hold the trial is due to the unexcused actions of the accused or of a co-defendant in the same trial.
Accordingly, the judgments and sentences appealed from are affirmed.
AFFIRMED.
ANSTEAD, J.,' and TENDRICH, MOIE J. L., Associate Judge, concur.