413 So.2d 171 (1982)
STATE of Florida, Appellant,
v.
Donnie Lee COLE, Appellee.
No. 81-1820.
District Court of Appeal of Florida, Second District.
April 30, 1982.
*172 Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellee.
CAMPBELL, Judge.
The state appeals from an order dismissing a grand theft charge against appellee on double jeopardy grounds.
Appellee and his brother Gary Cole were charged by joint information with grand theft. They were jointly represented by the same attorney in the proceedings before the trial court. The arresting officer testified that when he stopped the brothers in a van operated by Gary, Gary did not have a valid driver's license. Defense counsel objected and moved for a mistrial on the ground that the testimony concerning the lack of a valid driver's license constituted evidence of a collateral crime. The court granted the motion and stated that the case would be reset and tried by another jury the next day.[1] The next day counsel made a motion to dismiss appellee's case on double jeopardy grounds. Counsel stated he had only moved for a mistrial as to Gary Cole. After discussion the court reluctantly granted the motion.
Appellee makes two arguments to support the court's judgment, the first concerns severance of the parties. It is undisputed that at the unrecorded conference in chambers concerning the motion for mistrial, counsel discussed severing the trial of his clients, but he made no motion to sever. However, appellee now argues the court should have severed the trial of defendants.
The state was entitled to try the brothers jointly as long as no motion to sever was made. Fla.R.Crim.P. 3.150(b)(1). The failure of counsel to make a motion for severance waived the right to severance. Wright v. State, 318 So.2d 477 (Fla. 4th DCA 1975). We conclude that without a motion to sever, the right of the state to a joint trial continued.
Appellee's second argument is that his counsel did not move for mistrial for him. However, there is no dispute that the record is clear that counsel's motion did not specify that it was made only on behalf of Gary Cole. As far as the record reveals, it was a motion for mistrial as to both defendants inasmuch as defense counsel was representing both on a joint information and he did not specify that the motion was limited to only one defendant. After granting the "general" motion for mistrial, defense counsel then remained silent in the face of the discharge of the jury and the judge's statement that the trial would be reset for the next day. In our opinion, this conduct evidenced defense counsel's acquiescence to the mistrial as it pertained to appellee. We also conclude that if the trial judge had a legally sufficient reason during *173 the joint trial of defendants to grant a mistrial to one defendant, he also had, absent a motion to sever, the discretion to grant a mistrial to both defendants. See Goodman v. State ex rel. Furlong, 247 So.2d 47 (Fla. 1971). It ill behooves appellee to now state that the motion for mistrial applied only to his brother, since his counsel remained silent when it was clear that the judge thought and acted upon a belief that the motion pertained to both defendants. Although the next day the trial judge reluctantly accepted trial counsel's explanation that the motion for mistrial was for Gary Cole, it is our opinion that counsel was not relieved of his obligation to explain his motion at the time the judge reset the trial and discharged the jury.
Accordingly, we reverse the dismissal of the cause against appellee and order a new trial.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] We do not reach the question of whether there were adequate grounds for a mistrial because that issue has not been presented to us.