431 So.2d 337 (1983)
Aristides MACHADO, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1851.
District Court of Appeal of Florida, Second District.
May 18, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Aristides Machado appeals judgments and sentences for burglary and grand theft entered following his nolo contendere plea. Appellant specifically reserved the right to appeal the trial court's denial of his motion for discharge pursuant to the speedy trial rule, Florida Rule of Criminal Procedure 3.191. We agree that appellant was entitled to discharge, and we therefore reverse.
Appellant was arrested on November 4, 1981. On November 23, 1981, an information listing appellant as the sole defendant was filed. Pretrial conference was set for February 18, 1982, but on that date, appellant's counsel moved to withdraw. The trial court granted leave to withdraw, appointed new counsel, and reset the pretrial conference for March 4, 1982.
On March 4, 1982, the attorneys for appellant and his two codefendants appeared for pretrial conference, but the attorneys representing the codefendants were permitted to withdraw, and new counsel was appointed to represent them. The newly appointed attorney then stated that he was unprepared for a pretrial conference that day.
The trial court asked appellant's counsel if he was willing to agree to an extension of speedy trial so that all three cases could be handled together. There followed an unreported bench conference, after which the prosecutor announced on the record that it was her position that "the Defense" was not prepared for trial "because discovery is not completed, because there is a pending motion to consolidate and the lawyers have been just appointed... ." Appellant's counsel, however, promptly objected to a speedy trial extension, stating that inasmuch as his predecessor counsel had deposed four of the principal state witnesses, he could prepare adequately for trial within *338 the speedy trial time. The trial court[1] nevertheless extended the speedy trial time in all three cases and reset the pretrial conference for April 8, 1982, explaining:
I think there are unusual circumstances which probably require the Court to provide an in-Court interpreter, perhaps even the necessity of translation for the jury and things of that nature. Considering the time and economy involved in that, and if the cases were appropriately to be consolidated  because of those additional requirements and that in all probability consolidation will be granted, therefore it's important to carry the cases together as far as we can... .
It should be noted that at least one of appellant's codefendants apparently spoke little or no English, since the original attorney for one of the codefendants moved to withdraw on the basis of his inability to converse in Spanish, but there is nothing in the record to indicate that appellant, as opposed to one or both of his codefendants, would require an interpreter at trial.
On April 8, appellant's trial was set for June 14. On May 7, 1982, four days after appellant's 180-day speedy trial period had expired, the trial court entered written orders consolidating the case with those of the two codefendants and granting the state's motion for extension of the speedy trial time. On May 14, the trial court entered an order extending the speedy trial period from February 18, 1982, through April 8, 1982. On May 24, 1982, the trial court issued an order, pursuant to the state's oral motion therefor, reaffirming its May 14 order. On June 2, 1982, appellant filed his motion for discharge, which was denied.
Florida Rule of Criminal Procedure 3.191(a)(1) provides that a person charged with a felony shall be tried within 180 days after being taken into custody. Rule 3.191(d)(2) permits extensions of the speedy trial period in exceptional circumstances, which subsection (f) defines as follows:

Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.

Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (2) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this Rule; (3) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; (4) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (5) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (6) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
As appellant points out, none of the enumerated exceptional circumstances exists here. While it is also true, as the state contends, that exceptional circumstances justifying a speedy trial time extension are not limited to those specifically listed in the rule, any circumstance that involves an "avoidable or foreseeable delay" is expressly excluded from consideration. Furthermore, an extension must be necessary in order to accord "substantial justice" to the accused, the state, or both.
*339 An extension in order to accommodate the state's desire to consolidate appellant's case with those of two codefendants was not necessary in order to do "substantial justice." If appropriate, the state could at any time have filed an amended information joining all three codefendants. See Fla.R.Crim.P. 3.150. A speedy trial extension would not have been necessary. If joinder of the defendants was not appropriate, the state had no absolute right to consolidation and, accordingly, no right to an extended delay while the trial court considered whether to grant the state's motion for consolidation.[2] What is most important, even if appellant and his codefendants had been properly joined as defendants in the first instance, appellant would have been entitled to severance if necessary to protect his right to a speedy trial. Fla.R.Crim.P. 3.152(b)(1)(i). In other words, a defendant's right to a speedy trial takes precedence over the mere convenience to the state of trying him and his codefendants together.
As for the assertion by the trial court of the need for an interpreter at trial, it is unclear to this court, as noted above, whether appellant, if tried separately from his codefendants, would have any such need. Even if such a need existed, the need was foreseen nearly two months before appellant's 180-day speedy trial period expired, and there is nothing in the record to indicate that an interpreter could not have been obtained if trial had been set for a date within the speedy trial period.
There being no authorized basis for the trial court's extension of the speedy trial time, appellant was entitled to discharge pursuant to his subsequent timely motion therefor.
Accordingly, appellant's judgment and sentence are REVERSED and the cause REMANDED with directions to discharge appellant.
OTT, C.J., and RYDER, J., concur.
NOTES
[1] At least three different judges were involved with this case. Judge Patterson presided at the March 4 pretrial conference and on the same day entered written orders in accordance with his rulings. Subsequent orders were entered by Judge Bryson.
[2] The motion was filed on February 25, 1982, but was not granted until over two months later and after the unextended speedy trial time had expired. The fact that several different judges were involved with this case may have contributed to the delay in the ruling on this motion.