457 So.2d 558 (1984)
STATE of Florida, Appellant,
v.
Mark Gerard LITTLEFIELD, Appellee.
No. 83-1987.
District Court of Appeal of Florida, Fourth District.
October 10, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellant.
Patrick C. Rastatter of Glass, Rastatter & Tarlowe, P.A., Fort Lauderdale, for appellee.
ANSTEAD, Chief Judge.
This is an appeal from a final judgment discharging appellee, Mark Gerard Littlefield, due to a speedy trial violation.
Littlefield was arrested on January 20, 1983. He and nine other defendants were charged in a single information with possession of marijuana. On March 31, at a trial status call before the court eight of the defendants announced that they were not ready for trial and sought continuances. The state agreed that the continuances *559 should be granted. Littlefield announced that he was ready for trial and objected to his trial being continued. Subsequently, over Littlefield's objection, the case as to all ten defendants was postponed. On August 2, Littlefield moved for discharge for the failure of the state to bring him to trial within the 180 days provided in the speedy trial rule. This motion was granted, and the state appeals.
The trial court ruled that prior to the expiration of the 180 days the state should have sought an extension due to exceptional circumstances under rule 3.191(f)(5):
Exceptional Circumstances. As permitted by (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include ... (5) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant....
The state contends that it had no obligation to seek an extension and that discharge is barred by rule 3.191(d)(3)(ii):
Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that ... (ii) the failure to hold trial is attributable to the accused, a co-defendant in the same trial, or their counsel... .
The state argues that since the failure to bring Littlefield to trial was caused by continuances taken by his codefendants Littlefield is not entitled to discharge.
In Grimett v. State, 383 So.2d 698 (Fla. 4th DCA 1980), this court held that a codefendant's unanticipated failure to appear at trial and a consequent order of continuance because of the nonappearance was a sufficient basis to deny Grimett's subsequent motion for discharge. On the other hand, the Second District has suggested that a defendant's speedy trial rights should always be given precedence over the state's right to jointly try defendants charged in the same crime. Machado v. State, 431 So.2d 337 (Fla. 2d DCA 1983). Florida Rule of Criminal Procedure 3.152(b)(1)(i) provides that a severance should be granted if necessary to protect speedy trial rights:
(b) Severance of defendants.
(1) On motion of the State or a defendant, the court shall order a severance of defendants and separate trials:
(i) before trial, upon a showing that such order is necessary to protect a defendant's right to a speedy trial, or is appropriate to promote a fair determination of the guilt or innocence of one or more defendants... .
In the present case, neither Littlefield nor the state moved to sever Littlefield from the other defendants prior to the expiration of the speedy trial time.
Having considered all three provisions of the criminal rules relating to the potential conflict between defendant's speedy trial rights and the state's right to consolidation, we believe the trial court acted properly in this case in placing the burden on the state to seek an extension under the provisions of rule 3.191(f)(5).
By making accommodation of a codefendant a basis for an extension, the provisions of rule 3.191(f) imply that the state must affirmatively request an extension, if such a situation is contemplated, in advance of the expiration of the speedy trial time. Under this procedure, the trial court can deal with the specific situation and balance the interests of the state in avoiding multiple trials against the interest of the defendant in receiving a speedy trial. *560 Of course, the defendant is also entitled to seek a severance under rule 3.152(b)(1)(i) and in doing so the same factors may be considered by the trial court. In effect, by asserting that he was ready to go to trial and wanted to go to trial even if tried alone, and that he would not waive his speedy trial rights, we believe Littlefield was seeking a severance and that he made a prima facie showing of his entitlement to such by showing that his speedy trial rights would be violated if his codefendants' continuances were forced on him. See Rule 3.152(b)(1)(i) and Machado v. State. When Littlefield objected to having his trial continued beyond the speedy trial time we believe it was the obligation of the state to respond by demonstrating that despite the speedy trial consequences to defendant "there is reason not to sever the cases." See Rule 3.191(f)(5). This the state failed to do.
If the state had no obligation to seek an extension when it was aware of the need for delay to accommodate other defendants, then the state could simply rely on continuances extended to codefendants, whether or not there were sufficient reasons to also extend the non-movant's speedy trial time, as a means to avoid the non-movant's speedy trial rights. Such automatic reliance, in our view, ignores the scheme suggested by rule 3.191(f)(5) and violates the individual defendant's speedy trial rights. Here, the state was well aware of the codefendants' need for continuances and of defendant's objection thereto. The problem was not an unexpected one as was involved in Grimett. However, the state merely concurred in the requests for continuances and took no action to secure an extension as it had a right to do under rule 3.191(f)(5).
Accordingly, we affirm the order of discharge.
DOWNEY, J., concurs.
DELL, J., dissents without opinion.