PER CURIAM.
Petitioner invokes the jurisdiction of this court pursuant to Florida Rule of Appellate Procedure 9.030(b)(3), seeking a writ of prohibition directed to respondent to prevent petitioner’s trial below because of an alleged violation of petitioner’s speedy trial rights provided in Florida Rule of Criminal Procedure 3.191. We deny the petition.
Petitioner was charged by information, jointly, with two codefendants, with several related drug offenses. His codefendants subsequently waived speedy trial for reasons necessary to adequately prepare their defenses and their trial was scheduled beyond the time that the speedy trial period would have expired. Petitioner did not waive speedy trial and objected to his trial date being continued beyond the speedy trial deadline. Petitioner did not move for a severance pursuant to Florida Rule of Criminal Procedure 3.152(b). However, the trial court sua sponte, because of petitioner’s objection to continuing his trial, ordered a severance of the defendants’ trials for the purpose of protecting petitioner’s right to a speedy trial. Petitioner’s case was then brought to trial within the speedy trial period, but subsequently resulted in a mistrial on September 7, 1984.
Pursuant to Florida Rule of Criminal Procedure 3.191(g), the state was required to bring petitioner to trial again within ninety days, i.e., by December 6, 1984. Petitioner’s codefendants still had not been brought to trial for reasons necessary to their defense. Petitioner and his codefend-ants were subsequently set for a joint trial on November 5, 1984. However, it again developed that petitioner’s codefendants would not be ready for trial on that date or by petitioner’s speedy trial date of December 6, 1984, and the state moved for a continuance of trial and an extension of speedy trial for petitioner in order to try all codefendants simultaneously. The state argued that since one trial had already been separately held for petitioner that the resulting costs and inconvenience of again trying him separately outweighed petitioner’s interest in being retried within the ninety-day period. The trial court ordered petitioner and his codefendants to be tried on January 14, 1985, and extended the speedy trial time for petitioner until that date over petitioner’s objections. Petitioner did not move for a severance pursuant *1037 to rule 3.152(b)(l)(i). (While it appears that petitioner was still engaged in discovery and preparation for trial, we do not use that as a basis for our denial of the petition for prohibition.) Petitioner’s motion for discharge was denied on December 28, 1984, and he then sought relief by his petition for writ of prohibition filed with this court.
We believe that Judge Boardman’s well-written and often-cited decision in Machado v. State, 431 So.2d 337 (Fla. 2d DCA 1983) and State v. Littlefield, 457 So.2d 558 (Fla. 4th DCA 1984), wherein the defendants were discharged due to speedy trial violations, are both distinguishable and instructive.
In Machado, the codefendants were each charged in separate informations and their cases later consolidated pursuant to rule 3.151(b), over the defendant Machado’s objection. A motion for severance pursuant to rule 3.152(b) was not necessary in that situation. As Judge Boardman pointed out in Machado, an extension of speedy trial over Machado’s objection was granted in the trial court in order for the state to consolidate the various defendants’ infor-mations and set them for trial beyond the speedy trial time. Machado further makes the point that had the state chosen to file a joint information, then an extension of speedy trial would not have been necessary, but the defendant Machado then could have sought a severance from the joint information under rule 3.152(b)(l)(i). In petitioner’s case before us, the codefend-ants were, from the beginning of the proceeding below, all charged in a single information and petitioner, though once severed solely for the purpose of an early trial within his speedy trial deadline, never moved for a severance. Cf. Rico v. State, 463 So.2d 1172 (Fla. 2d DCA 1985); Darby v. State, 463 So.2d 496 (Fla. 1st DCA 1985).
Littlefield is distinguishable because there the state never moved for an extension of speedy trial as the state did in petitioner’s case below. As the court in Littlefield stated:
By making accommodation of a code-fendant a basis for an extension, the provisions of rule 3.191(f) imply that the state must affirmatively request an extension, if such a situation is contemplated, in advance of the expiration of the speedy trial time. Under this procedure, the trial court can deal with the specific situation and balance the interests of the state in avoiding multiple trials against the interest of the defendant in receiving a speedy trial. Of course, the defendant is also entitled to seek a severance under rule 3.152(b)(l)(i) and in doing so the same factors may be considered by the trial court.
457 So.2d at 559, 560.
We also emphasize that the failure of petitioner to move for a severance was not a mere oversight. At the hearing on the state’s motion for extension of speedy trial, the court announced that it would grant the extension over petitioner’s objection and set the trial for January 7, 1985. Petitioner’s counsel then stated “so the record’s very clear, that the granting of the motion was over our objection. And the other thing, that I don’t want to place ourself in a posture where I—certain additional motions will be filed now. Potentially a motion for severance. ” (Emphasis supplied.) Petitioner thus obviously considered and rejected the filing of a motion for severance. The failure of counsel to make a motion for severance waived the right to severance. State v. Cole, 413 So.2d 171 (Fla. 2d DCA 1982); Wright v. State, 318 So.2d 477 (Fla. 4th DCA 1975), cert. denied, 334 So.2d 609 (Fla.1976).
Finally, we address one additional point. Following the mistrial in petitioner’s first trial, he filed a motion for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(a)(2), seeking to reduce his speedy trial time for his second trial to sixty days. However, at the time he filed his motion, he was still engaged in discovery and preparation for trial and his demand, therefore, was not proper and was correctly struck upon motion by the state. Ranalli v. Johnson, 277 So.2d 24 (Fla. *1038 1973); Turner v. State, 272 So.2d 129 (Fla. 1973); State v. Conkling, 405 So.2d 773 (Fla. 5th DCA 1981).
The petition is thereby denied.
GRIMES, A.C.J., and DANAHY and CAMPBELL, JJ., concur.