478 So.2d 1066 (1985)
Charles E. MINER, Petitioner,
v.
Kelli Jean WESTLAKE, Respondent.
No. 66401.
Supreme Court of Florida.
November 25, 1985.
Jim Smith, Atty. Gen. and Lawrence A. Kaden and Kurt L. Barch, Asst. Attys. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Westlake v. Miner, 460 So.2d 430 (Fla. 1st DCA 1984), in which the First District Court of Appeal held that the "convenience" of the state to try codefendants jointly is not an "exceptional circumstance" justifying the state's request for an extension of speedy trial time over a timely objection by one of the defendants. The district court certified the following question to be of great public importance:
Is the convenience to the state of trying codefendants together a sufficient reason in and of itself to extend an objecting defendant's speedy trial time and deny a motion to sever when a delay is necessary to accommodate a codefendant?
Id. at 433. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative, and approve the decision of the district court of appeal.
Respondent, Kelli Jean Westlake, and a codefendant were charged in a single information with grand theft. The codefendant filed a motion for continuance and waived his right to a speedy trial. The state then moved for an extension of Westlake's speedy trial time on the basis that the same witnesses would be called in both cases. Westlake responded to the codefendant's and the state's motions by moving for a severance, alleging that a joint trial would violate Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1963), and that a severance was necessary to protect her right to a speedy trial. The trial judge granted the continuance, extended the speedy trial time, and denied Westlake's motion to sever without commenting on the speedy trial right asserted in her motion. Westlake subsequently filed a motion for discharge on the grounds that she had been continuously available for trial, had never waived her right to a speedy trial, and had attempted to preserve her speedy trial right by seeking a severance when her codefendant moved for a continuance. The trial court denied the motion for discharge.
*1067 On appeal, the state asserted Westlake's right to speedy trial was not violated because the state had moved for an extension on the basis of an exceptional circumstance under rule 3.191(d)(2) and (f), Florida Rules of Criminal Procedure. The district court rejected that argument, finding that an in pari materia reading of rule 3.152 and rule 3.191 compels the conclusion that the convenience to the state of a joint trial is not an exceptional circumstance upon which to base an extension of speedy trial time. The relevant portion of rule 3.191 provides:
(f) Exceptional Circumstances. As permitted by (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.

Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (2) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation and preparation within the periods of time established by this Rule; (3) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; (4) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (5) a showing that a delay is necessary to accommodate a co-defendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (6) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
(Emphasis added.) Rule 3.152 reads, in part, as follows:
(b) Severance of defendants.
(1) On motion of the State or a defendant, the court shall order a severance of defendants and separate trials:
(i) before trial, upon a showing that such order is necessary to protect a defendant's right to a speedy trial. ...
(Emphasis added.)
In reaching its decision, the district court quoted with approval the Second District Court of Appeal's interpretation of rule 3.152 in Machado v. State, 431 So.2d 337, 339 (Fla. 2d DCA 1983), in which that court stated: "[A] defendant's right to a speedy trial takes precedence over the mere convenience to the state of trying him and his codefendants together."
This record reveals that the sole reason for not granting Westlake's motion to sever was the convenience to the state of trying the defendants together. The state argues that the trial court's ruling cannot be overturned absent a finding of an abuse of discretion because it was a discretionary act by the trial judge under rule 3.191(f). We reject that contention and find the decision of the trial judge that the convenience of the state was an exceptional circumstance, was not a discretionary act, but was instead an erroneous conclusion of law. The trial judge has no choice, and consequently no discretion, when convenience is asserted as the sole basis for extending a defendant's speedy trial period. For a matter to be an "exceptional circumstance" under rule 3.191, it must affect the "substantial justice" of the cause for either the defendant, the state, or both. Convenience is clearly not necessary to do "substantial justice" to either party. We note the rule expressly provides that general court congestion is not an exceptional circumstance. The rule takes great care to note specific *1068 conduct and acts which are exceptional circumstances in that they could affect the substantial justice of the cause. Moreover, we agree with the district court that rule 3.191(f)(5), which provides that a continuance is appropriate when there is "a reason not to sever the cases in order to proceed promptly with trial of the defendant," must be read in pari materia with 3.152, which directs that a severance be ordered when necessary to protect a defendant's right to a speedy trial.
For the reasons expressed, we approve the decision of the district court of appeal.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.