483 So.2d 75 (1986)
Antonio APOLINARI, Petitioner,
v.
The Honorable Ray E. ULMER, Jr., Judge of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida; the Honorable Wayne L. Cobb, Judge of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, Respondents.
No. 86-239.
District Court of Appeal of Florida, Second District.
February 5, 1986.
Rehearing Denied February 17, 1986.
Robert E. Jagger, Public Defender and William K. Eble, Asst. Public Defender, Dade City, for petitioner.
*76 Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for respondents.
PER CURIAM.
Antonio Apolinari petitions this court for a writ of prohibition barring the respondents, as judges of the Sixth Judicial Circuit, from proceeding with trial in violation of Florida Rule of Criminal Procedure 3.191. We grant the petition.
Apolinari is one of three defendants charged with trafficking in cocaine. He was arrested May 30, 1985. Although the state alleges the three acted jointly, separate informations were filed against each defendant, and until nearly five months after Apolinari's arrest, separate trials were scheduled. Apolinari's trial originally was set for October 21, 1985. Shortly before this date the state requested a continuance because a material witness wanted to go on vacation. The continuance was granted over Apolinari's objection, and the trial was rescheduled for November 18, 1985. The state indicated at this time that it also planned to move to consolidate Apolinari's trial with those of the two remaining defendants. However, that motion was not heard until November 14, 1985. The trial court granted the motion for joinder, again over Apolinari's objection. Because the codefendants were not ready for trial November 18, the state was permitted a second continuance, which extended Apolinari's trial date beyond the 180-day speedy trial limit. When 180 days expired Apolinari moved for discharge. Upon denial of that motion, he filed this petition for writ of prohibition.
We initially consider the effect of the first continuance. The trial court's order denying the motion for discharge states that this continuance had the effect of removing the case from the speedy trial rule. Contrary to this assertion, speedy trial was not extended at that time, and it cannot be extended retroactively. Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981). In fact, the trial court expressed some skepticism that the witness' vacation plans would constitute "exceptional circumstances" as defined by rule 3.191(f). The November 18 trial date appears to have been chosen deliberately to fall within the 180-day time period and thus to preserve Apolinari's speedy trial rights.
The trial court also held that "joinder was granted to the State not for reasons of mere convenience ... but for reasons required by substantial justice." We must disagree. At the hearing on the motion for joinder, the state's principal argument was that "the witnesses as to each defendant are the same" and "the expense of doing three trials can be alleviated by doing one trial." Such considerations do not override a defendant's right to a speedy trial. Miner v. Westlake, 478 So.2d 1066 (Fla. 1985). Further, we hold that Apolinari's objection to the joinder sufficiently preserved his speedy trial rights. San Martin v. Menendez, 467 So.2d 1035 (Fla. 2d DCA 1985), cited by the state, is distinguishable because there all defendants had been jointly charged ab initio. Thus, when speedy trial was extended to accomodate one of the defendants, the others were obliged to seek a severance or waive any objection to the extension. Unlike San Martin, no motion for severance was necessary here. Machado v. State, 431 So.2d 337 (Fla. 2d DCA 1983).
Finally, the state argues that Apolinari waived his right to speedy trial by virtue of his failure to schedule a hearing on the motion for discharge within five days. The motion was filed December 19, 1985, but not heard until January 15, 1986. Florida Rule of Criminal Procedure 3.191(i)(4) requires that a motion for discharge be heard within five days of filing and trial scheduled within ten days thereafter unless exceptional circumstances exist. We are not persuaded that it is a defendant's burden both to move for discharge and to insure a timely hearing on the motion. The rule states that the court *77 shall hold the hearing, and the committee note indicates that this rule "gives the system a chance to remedy a mistake" [emphasis supplied] and otherwise speaks of "strict docket control."[1] We believe this rule places a burden upon the state to honor defendants' right to a speedy trial once those defendants have served notice that the 180-day deadline has expired. Recall that prior to the 1984 amendment of rule 3.191 the defendant would have been entitled to outright discharge; notably, the change in the rule came upon the petition of the Florida Prosecuting Attorneys' Association. The new rule is properly characterized as a "safety valve" enacted chiefly for the state's benefit. Furthermore, even if any delay in setting a hearing was taxable to the defense (and we stress that it was not), the trial court still failed to set Apolinari's trial within ten days of the hearing. In such cases the rule clearly provides that the defendant "shall be forever discharged from the crime."
We grant the petition for writ of prohibition and direct that Apolinari be discharged from this offense.
CAMPBELL, Acting C.J., and SCHOONOVER and HALL, JJ., concur.
NOTES
[1] While it is true the supreme court, in adopting rule 3.191(i)(4), did not adopt the committee note thereto; The Florida Bar Re: Amendment to Rules-Criminal Procedure, 462 So.2d 386 (Fla. 1984), we find no indication that the court expressly intended to disavow the language contained in the note. The committee notes, while not binding, are still "a valuable aid in application of the rules." State ex rel. Evans v. Chappel, 308 So.2d 1, 3 (Fla. 1975). We believe we are entitled to consider them persuasive even when they are not adopted as part of the actual rule. Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984). Furthermore, our interpretation of Florida Rule of Criminal Procedure 3.191(i)(4) is not predicated solely upon the language of the committee note.