PER CURIAM.
This is a petition for a writ of prohibition based on a claimed speedy trial violation and an alternative petition for a writ of habeas corpus in which pre-trial bail is sought. We deny both petitions.
At issue on the prohibition proceeding is the propriety of a trial court order extending the speedy trial time limit pursuant to Fla.R.Crim.P. 3.191(d)(2)(ii), (f)(2), based on a showing by the state that the case herein was so unusual and complex that it was unreasonable to expect adequate investigation and preparation within the period of time established by the speedy trial rule. The trial court so found in its extension order and, contrary to the petitioner Thomas Vincent Ignizio’s contention herein, we conclude that there is competent, substantial evidence in the record to support this finding. Consequently, the extension order was fully authorized under Fla.R.Crim.P. 3.191 (d)(2)(ii), (f)(2), and the motion to discharge was properly denied below as no speedy trial violation was shown on this record. This result, in our view, is not changed by the fact that the trial court may have relied on other invalid reasons for the extension order. See Miner v. Westlake, 478 So.2d 1066 (Fla.1985).
At issue on the habeas corpus proceeding is whether the aforesaid trial delay caused by the state required the trial court to exercise its discretion and grant pre-trial bail herein on two offenses punishable by life imprisonment in which, admittedly, the petitioner is not entitled to pre-trial bail under Article I, Section 14 of the Florida Constitution. We find no abuse of discretion in refusing to set such pre-trial bail based on the circumstances of this case, although we do not pretermit the grant of such bail in the future in the event of further trial delays due to no fault of the petitioner. Compare State v. Arthur, 390 So.2d 717 (Fla.1980).
The petition for a writ of prohibition is denied and the rule nisi previously issued by this court is discharged. The petition for a writ of habeas corpus is denied.