SCHOONOVER, Judge.
The appellant, Marie A. Miller, challenges the judgments and sentences imposed upon her after she pled nolo contendere to delivery of cocaine, possession of cocaine, and possession of drug paraphernalia. We find that the trial court erred by denying the appellant’s motion for discharge on the delivery of cocaine charge. We, accordingly, reverse and remand with instructions to discharge the appellant in that case and to resentence her on the remaining charges.
The appellant was originally charged with conspiracy to traffic in cocaine in violation of section 893.135(1), Florida Statutes (1991). Several months after the state commenced prosecution of the ease against appellant, the state moved to consolidate the appellant’s case with the cases of appellant’s codefend-ants. The motion was granted over appellant’s objection. Shortly thereafter the state moved for a continuance and an extension of the speedy trial period on the grounds that a new attorney had recently been appointed for one of the codefendants and another co-defendant had just been arrested. The state also argued that additional depositions had to be taken and that the trial would last several days. The appellant not only objected to the continuance and any extension of the speedy trial period, but also moved for a severance of the eases. The appellant contended that the state had not shown sufficient exceptional circumstances to justify an extension of the speedy trial period as it related to her. The *885 court granted the request for a continuance, extended the speedy trial period, and denied the appellant’s motion to sever.
After the regular speedy trial period expired, the appellant filed a notice of expiration of speedy trial time and another motion to sever. She also once again objected to the extension of the speedy trial period. The appellant was denied any relief on these motions, and her subsequent motion for discharge was denied.
The appellant then pled nolo contendere to the lesser included offense of conspiracy to deliver cocaine and reserved her right to appeal the denial of her motion for discharge. She also pled nolo contendere to the charges of possession of cocaine and possession of drug paraphernalia which were filed in a separate case. The appellant filed a timely notice of appeal from the judgments and sentences entered as a result of her pleas.
We agree with the appellant’s contention that the trial court erred by denying her motion to sever and then setting her ease for trial outside of the speedy trial period without proper reasons for doing so. Accordingly, the trial court also erred by denying her motion for discharge after the speedy trial period expired.
Shortly before the speedy trial period expired, the state moved for a continuance and also, pursuant to Florida Rule of Criminal Procedure 3.191(1), moved for an extension of the speedy trial period. The state contended, but did not establish, that exceptional circumstances requiring the extension existed under rule 3.191(0. The state informed the court that the continuance was needed because the trial would take several days and one of the appellant’s codefendants had just been arrested and an attorney had just been appointed for another codefendant. The convenience to the state of trying code-fendants together is not, in and of itself, a sufficient reason to deny a motion to sever and to extend an objecting defendant’s speedy trial time. Miner v. Westlake, 478 So.2d 1066 (Fla.1985). In addition, the fact that this is a conspiracy case does not, because of its attendant complications, justify an extension. Such a claim is in effect a convenience argument. Garcia v. State, 498 So.2d 401 (Fla.1986).
Furthermore, although a showing that a delay is necessary to accommodate a code-fendant may constitute an exceptional circumstance, it is only an exceptional circumstance when there is reason not to sever the cases in order to proceed promptly with the trial of a defendant. Fla. R.Crim. P. 3.191(0(5). This rule must be read in para materia with Florida Rule of Criminal Procedure 3.152(b)(1)(A) which directs that a trial court shall order a severance when necessary to protect a defendant’s right to a speedy trial. Miner.
Under the facts of this case, appellant’s interest in a severance of her case in order to protect her speedy trial right under rule 3.152(b)(1)(A) should have prevailed over the state’s interest in an extension of the speedy trial time pursuant to rule 3.191(0(5). Once the appellant made a prima facie showing of her entitlement to a severance by showing that her speedy trial rights would be violated if the state’s motion was granted, the state had the obligation to demonstrate that despite the speedy trial consequences to the appellant, there was reason not to sever the case. Rico v. State, 463 So.2d 1172 (Fla. 2d DCA 1984). The state failed to meet this obligation, and the court, therefore, erred by denying the appellant’s motions to sever and for discharge.
We, accordingly, reverse and remand with instructions to discharge the appellant on the conspiracy to deliver cocaine case and for resentencing on the remaining charges. Upon resentencing, we remind the trial court that the plea agreement provided that adjudication of guilt would be withheld and also that any special conditions of probation must be orally announced.
Reversed and remanded with instructions.
DANAHY, A.C.J., and FULMER, J., Concur.