W. SHARP, Judge.
Petitioner, Santiago, seeks a writ of prohibition challenging the trial court’s denial of her motion for discharge due to an alleged speedy trial violation. Because the speedy trial period has run and the record does not support the existence of exceptional circumstances to justify the necessity of a joint trial with the co-defendant, we grant the petition and order the trial court to discharge Santiago-
Santiago and a co-defendant were arrested on November 22,1996 for forgery, uttering a forgery and grand theft. This is the date on which the speedy trial time began to run.[1] On February 12, 1997, Santiago and the co-defendant were charged for these crimes in a joint information.
The co-defendant requested the case be continued, but Santiago did not join in that motion, nor did she waive her speedy trial rights. On May 27, 1997, Santiago filed a notice of expiration of speedy trial. See Fla. R.Crim. P. 3.191(h). The trial court held a pre-trial hearing on June 2, 1997 and ruled that the co-defendant’s prior request for a continuance constituted a waiver of speedy trial time by the defense, including Santiago.
On June 4, 1997 Santiago filed a motion to sever, based on differences in the defenses and Santiago’s right to a fair trial. The trial court denied severance on June 5, 1997 and refused to set trial within ten days pursuant to Santiago’s notice of expiration of speedy trial, based on the co-defendant’s request for continuance. On June 16,1997 Santiago filed a motion for discharge, based on a violation of the speedy trial rule. See Fla. R.Crim. P. 3.191(p)(3). On July 18, 1992, the trial court entered orders denying the motion to sever and Santiago’s motion for discharge.
Santiago’s motion for discharge should have been granted and Santiago discharged due to the violation of her speedy trial rights. Generally, the state may not rely on a co-defendant’s continuance to extend the speedy trial rights of another defendant. Rico v. State, 463 So.2d 1172 (Fla. 2d DCA 1984); Floumory v. State, 322 So.2d 652 (Fla. 2d DCA 1975). Further, upon proper motion, a court must order a severance upon a showing of necessity to protect a defendant’s right to speedy trial. See Fla. R.Crim. P. 3.152(b)(1)(A).
The state may seek an extension of trial time under rule 3.191® to accommodate a co-defendant if there are exceptional reasons or circumstances not to sever the cases. See Miller v. State, 694 So.2d 884 (Fla. 2d DCA 1997); State v. Littlefield, 457 So.2d 558 (Fla. 4th DCA 1984); Fla. R.Crim. P. 3.191(Z)(2), (l)(5). However, a defendant’s right to a speedy trial takes precedence over the state’s convenience in trying co-defendants together. Miner v. Westlake, 478 So.2d 1066 (Fla.1985); Machado v. State, 431 So.2d 337 (Fla. 2d DCA 1983). State “convenience” in a joint trial is not of itself an exceptional circumstance under rule 3.191(i)(2) justifying an extension of the speedy trial period. Westlake. No exceptional circumstances were established in this case.
Petition for Writ of Prohibition GRANTED.
DAUKSCH and THOMPSON, JJ., concur.

. Fla. R.Crim. P. 3.191(d); Genden v. Fuller, 648 So.2d 1183 (Fla.1994).