COPE, Judge.
Efren Nazario petitions for a writ of prohibition, contending that he is entitled to discharge under the speedy trial rule. We grant the petition.
After being charged with drug trafficking, defendant-petitioner Nazario filed a written demand for speedy trial under Florida Rule of Criminal Procedure 3.191(b). The ease was originally set for trial within the speedy trial period. When the trial date arrived, defendant Nazario announced that he was ready to proceed, but the two codefendants moved for a continuance.
The trial court granted the codefendants’ motions for continuance. The court accepted the State’s argument that for reasons of judicial economy, all three defendants should be tried together. Based on the fact that the codefendants had been granted continuances, the court struck defendant Nazario’s demand for speedy trial and charged him with a continuance. This was done over defendant Nazario’s objection.
After the speedy trial period elapsed, defendant filed a notice of expiration. It was stricken for the same reason. After the window period elapsed, defendant filed a motion for discharge, which was denied. Defendant has petitioned this court for a writ of prohibition, contending that he is entitled to discharge.
We conclude that Nazario’s position is well taken. ‘“[A] defendant’s right to a speedy trial takes precedence over the mere convenience to the State of trying him and his codefendants together.’ ” Miner v. Westlake, 478 So.2d 1066, 1067 (Fla.1985) (citation omitted); accord Garcia v. State, 498 So.2d 401 (Fla.1986).
We have considered the question whether it was necessary for defendant Na-zario to file a formal motion for severance in addition to his demand for speedy trial. The Second District has said that “when [the] speedy trial [period] was extended to accommodate one of the defendants, the others were obliged to seek a severance or waive any objection to the extension.” Apolinari v. Ulmer, 483 So.2d 75, 76 (Fla. 2d DCA 1986) (interpreting San Martin v. Menendez, 467 So.2d 1035 (Fla. 2d DCA 1985)). Regardless of whether that rule may be correct in other contexts, here we have a demand for speedy trial. Under Rule 3.191(b), the speedy trial demand triggers a calendar call within five days for the purpose of setting the ease for trial. See Fla. R.Crim. P. 3.191(b)(1). Unless the demand is stricken on motion by the State (the grounds for which are very restricted),[1] see id. R. 3.191(g), the case is to be set for trial between five and forty-five days from the date of the calendar call. See id. R. 3.191(b)(2). At the time of the demand it may or may not be clear that a severance will be required, but it is in any event the State’s responsibility to see to it that the defendant is brought to trial within the time allowed by the rule.
*156 Additionally, the record in this case demonstrates that a motion for severance would have been futile because it would have been denied in any event. The trial court took the view that it had the discretion to charge the defendant with a continuance, and strike the speedy trial demand, for the convenience of jointly trying this defendant with codefend-ants who had requested continuances. There is no doubt that a formal motion for severance, if filed, would have been denied.[2]
Here, the record is clear that defendant Nazario had demanded a speedy trial and was ready for trial at all pertinent times. The only reason the defendant was not brought to trial within the applicable speedy trial period was the convenience of trying this defendant together with the codefend-ants. In light of Miner v. Westlake and Garcia v. State, the defendant is entitled to be discharged.
Prohibition granted.

. As to the limitations on the trial court’s ability to strike a demand for speedy trial, and the interplay between subdivisions 3.191(g) and (j) of the speedy trial rule, see Landry v. State, 666 So.2d 121 (Fla.1995).

. There is one garbled passage in the transcript in which defense counsel appears to have said that there was no basis for a severance. We accept defense counsel's claim of transcription error. Both parties agree that the sentence as transcribed makes no sense, and from the outset it was the State which opposed any severance in the case. When read in full context, it is clear that the defendant consistently insisted on being brought to trial promptly pursuant to the speedy trial demand, regardless of the continuances obtained by the codefendants.